UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTIN SALGADO, on behalf of himself and others similarly situated, | Case No.: 17 Civ. 954 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| ALIZE II CORP. d/b/a CARIDAD & LOUIE'S RESTAURANT, MERCEDES GUZMAN, and RENATO RIOS, | |
| Defendants. | |

Plaintiff, Valentin Salgado ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Alize II Corp., d/b/a Caridad & Louie's Restaurant ("Caridad & Louie's"), Mercedes Guzman, and Renato Rios (collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation; (2) statutory penalties for failure to provide mandatory written wage notices on a weekly and annual

basis; (3) liquidated damages pursuant to the New York Wage Theft Prevention Act; (4) pre-judgment and post-judgment interest, and, (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Westchester County, New York.

6. Upon information and belief, Defendant, Alize II Corp. dba Caridad & Louie's, was and is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 187 S. Broadway, Yonkers, New York 10701.

7. Upon information and belief, Defendant, Mercedes Guzman, is an owner, officer, director and/or managing agent of Caridad & Louie's, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Caridad & Louie's and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Caridad & Louie's.

8. Upon information and belief, Defendant, Renato Rios, is an owner, officer, director and/or managing agent of Caridad & Louie's, whose address is unknown at this time and

who participated and continues to participate in the day-to-day operations of Caridad & Louie's and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Caridad & Louie's.

9. Plaintiff was employed by the Defendants in Westchester County, New York as a dishwasher and cleaner, from in or about May 2016 through November 2016.

10. At all relevant times, Caridad & Louie's was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times the work performed by Plaintiff was directly essential to the business operated by Caridad & Louie's.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

14. In or about May 2016, Plaintiff, Valentin Salgado, was hired by Defendants to work as a dishwasher and cleaner for Defendants' Mexican restaurant and lounge known as Caridad & Louie's, located at 187 S. Broadway, Yonkers, New York 10701.

15. Plaintiff, Valentin Salgado, worked for the Defendants continuously, through November 2016.

16. During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked (6) days per week, ten (10) or more hours each workday. Plaintiff was paid a weekly salary of $440.00, increased to $556.00 in or around October 2016. He was paid in cash. Work performed above forty (40) hours per week was not paid at time and one-half the plaintiff's regular rate as required by law.

17. Plaintiff was told he had to sign for his weekly pay but was not given a copy of the document.

18. Defendants knowingly and willfully operated their business with a policy of not paying minimum wages for all hours worked or overtime compensation (of time and one-half) to the Plaintiff and other similarly situated employees for work performed over forty (40) hours in a workweek.

19. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

20. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "19" of this Complaint as if fully set forth herein.

21. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

23. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

24. Plaintiff was entitled to be paid minimum wages for all hours he worked at Caridad & Louie's.

25. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

26. Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

27. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked when they knew or should have known such was due and that non-payment of such would financially injure Plaintiff.

28. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

29. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

30. Defendants misrepresented Plaintiff's rights and asked Plaintiff to waive his entitlement to overtime pay, or risk termination of his employment.

31. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

32. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

33. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

34. Defendant, Mercedes Guzman, is an individual who, upon information and belief, owns the stock of Caridad & Louie's, owns Caridad & Louie's, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

35. Defendant, Renalto Rios, is an individual who, upon information and belief, owns the stock of Caridad & Louie's, owns Caridad & Louie's, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COUNT II
### [Violation of the New York Labor Law]

36. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

38. Defendants knowingly and willfully violated Plaintiff's rights by failing and refusing to pay Plaintiff wages for all hours worked, minimum wages, and overtime wages at

rates of not less than one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

39. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

42. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

43. Plaintiff was paid cash, and not provided with a wage statement as required by law.

44. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Valentin Salgado, on behalf of himself and all other similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) Statutory penalties for failure to provide notices pursuant to the New York Wage Theft Prevention Act;

(g) An award of costs and expenses of this action together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 8, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter H. Cooper (PHC 4714)